UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 18-02056-SPG (DFM) | Date: | November 7, 2022 |
|---|---|---|---|
| Title | Azhar Lal v. California Department of Corrections and Rehabilitation et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order resolving Plaintiff's Motions and Setting Briefing Schedule on Defendant's Motion for Summary Judgment (Dkts. 73, 76, 98, 101, 102) |
|---|---|

Plaintiff has filed three motions. First, a "Motion to Compel All Requested Discovery and Thereafter Permission to Amend Complaint." Dkt. 98. That motion is granted in part and denied in part. Second, an "Injunction for a Single Cell and to Secure Plaintiff's Legal Documents from Further Loss or Destruction." Dkt. 101. That motion is denied. Third, a "Motion for Disclosure of Plaintiff's Recorded Video Deposition." Dkt. 102. That motion is denied. A briefing schedule for Defendant's motion for summary judgment is set forth at this end of this Order.

I.     **Motion to Compel (Dkts. 73, 98)**

   A.   Background

Plaintiff is a state prisoner currently housed at California State Prison-Los Angeles County ("CSP-LA"). Plaintiff alleges that Defendant Carranza improperly housed him with an Asian inmate, leading to an in-cell fight between them. See Dkt. 20, Second Amended Complaint ("SAC").

Plaintiff filed a "Motion for Discovery" containing thirteen (13) Requests for Production of Documents ("RFP"). See Dkt. 66. Defendant provided responses, which were accompanied by a privilege log and the declaration of D. Sanchez, the Litigation Coordinator at CSP-LA. See Dkt. 73 at 6-27. In all, Defendant produced 140 pages of responsive documents, labeled AGO_0001-0140. See Dkt. 75-1 ("Grecea Decl.") ¶ 2, Exs. A, B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Plaintiff filed a Motion to Compel about his 13 RFPs. See Dkt. 73. Defendant opposed. See Dkt. 75. That same day, Defendant moved for summary judgment. See Dkt. 76. In the interests of judicial economy, the Court decided to resolve the exhaustion issue before reaching the merits and deferred ruling on Plaintiff's motion. See Dkt. 78.

The Court ruled in favor of Plaintiff on the issue of exhaustion, leaving the merits of Defendant's motion for summary judgment. See Dkts. 88, 90. Namely, Defendant argues that he was not deliberately indifferent when he housed Plaintiff with inmate Huynh, Plaintiff caused the fight, and he is entitled to qualified immunity. Plaintiff was then ordered to inform the Court which of his RFPs still required supplemental responses. See Dkts, 91, 94. After receiving an extension, Plaintiff filed a "Motion to Compel All Requested Discovery and Thereafter Permission to Amend Complaint." See Dkt. 98.

That Motion seeks supplemental responses for thirteen requests. As set out in the table below, eight of the thirteen requests were included in the prior motion to compel and are properly before the Court, whereas the remaining five were not. Those requests are denied as untimely.

| Request in Dkt. 98 | Corresponding Request in Dkt. 73 |
|---|---|
| No. 1: Original Complaint | N/A |
| No. 2: Responses to Interrogatories and Requests for Admission | N/A |
| No. 3: Responses to Letter | N/A |
| No. 4: Plaintiff's Central File | RFP No. 1 |
| No. 5: Exhausted Grievances | RFP No. 3 |
| No. 6: Medical & Medical Health Records | RFP No. 2 (Mental Health only) |
| No. 7: Grievances, Complaints, etc. filed against Defendant | RFP Nos. 4 and 5 |
| No. 8: Policies and Procedure of EOP | RFP No. 7 |
| No. 9: Roster of Cells | RFP No. 12 |
| No. 10: Information re: RVR 11-01-009 | N/A |
| No. 11: Information re: Karen Kurtis | N/A |
| No. 12: Information re: Inmate Rafeeqzada | RFP No. 13 |
| No. 13: Information re: Computer | RFP No. 11 |

B. <u>Legal Standard</u>

Federal Rules of Civil Procedure 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The request must "describe with reasonable particularly each item or category of items to be inspected," "specify a reasonable time, place, and manner for the inspection," and "specify the form or forms in which electronically store information is to be produced." Fed. R. Civ. P. 34(b). The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents. In the alternative, a party may state an objection to a request, including the reasons. See Fed. R. Civ. P. 34(b)(2)(B)-(D).

C. Discussion

RFP No. 1 seeks the production of Plaintiff's "entire CDCR Central file." Mot. at 7. RFP No. 2 seeks the production of Plaintiff's "entire Mental Health file." Id. at 8. Among other boilerplate objections, Defendant responded that Plaintiff could obtain the documents "by arranging an Olson review of his Central file through his counselor." Id. at 7-8.

"Under Olson, plaintiff may request review of his CDCR files, including his Central file and medical file." Howard v. Finander, 2019 WL 4391109, at *3 (C.D. Cal. July 19, 2019). Although a motion to compel may be appropriate if an Olson review is denied, Plaintiff does not appear to have made any effort to request and access his files. Instead, Plaintiff states that the process "could take a very long time." Mot. at 1. The Court is sympathetic to the litigation challenges faced by pro se prisoners. Nevertheless, "[w]ithout any explanation of whether plaintiff has attempted to request his files through an Olson review or is otherwise unable to obtain the documents," id., the Court will not compel any further production from Defendant, see Singleton v. Hedgepath, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) (denying motion to compel because there was no indication Plaintiff requested an Olson review). These requests are DENIED.

RFP No. 3 seeks the production of "exhausted or unexhausted" administrative grievances. Mot. at 8. Defendant produced a sixty-five-page packet related to administrative grievance LAC-17-00625 (the only grievance relevant in this lawsuit) as well as a printout of all of Plaintiff's grievances submitted at different levels of review. See Opp'n at 10. Plaintiff does not explain why Defendant's response is inadequate or what else he needs. Additionally, the Court has already ruled in Plaintiff's favor on the issue of exhaustion. This request is DENIED.

RFP No. 4 seeks the production of "All grievances; Citizen Complaints and Pitches[s] Materials that have been filed" against Defendant. Mot. at 9. RFP No. 5 seeks the production of "All State or Federal Civil actions filed" against Defendant. Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Defendant objected on various grounds, including that the information is confidential and protected from disclosure by the official-information privilege. See id. at 9-12. D. Sanchez states that disclosure of the aforementioned information could threaten the integrity of investigations and undermine inquiries into alleged misconduct. See id. at 24.

Federal law recognizes a qualified privilege for official information. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990); Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). To determine whether such information should be protected, the Court weighs the potential benefits of disclosure against its potential disadvantages; if the latter is greater, the official information privilege may bar discovery. See Sanchez, 936 F.2d at 1033-34. Such balancing should be conducted on a case-by-case basis, determining what weight each relevant consideration deserves in the fact-specific situation before the court. See Kelly, 114 F.R.D. at 663. This balancing test is moderately pre-weighted in favor of disclosure. See id. at 662.

Defendant's relevance objections are generally well taken. However, Defendant's claim that he may withhold every document of this type from discovery is not legally supported. Accordingly, the Court orders Defendant to produce all staff misconduct reports and grievances against Defendant from January 2015 to the present made by someone other than the Plaintiff that specifically concerns improper housing assignments.

This order only applies to written reports of misconduct and the actual grievances submitted. It does not extend to any other investigation documents or the internal findings regarding such investigations. Moreover, to protect any privacy interests of third parties, Defendant may partially redact the names of the complaining inmate and any other person besides Defendant, leaving only their first and last initials. Defendant may also redact other sensitive information such as social security numbers or addresses. The Court believes that this balance allows Plaintiff to learn about potentially relevant information while minimizing security and privacy concerns.

RFP No. 6 seeks the production of all practices, policies, and procedures regarding Defendant's duties as a Receiving and Release Sergeant. See Mot. at 12. Defendant responded that there were no responsive documents for 2016 but produced the Post Orders for the years 2015, 2016, and 2018. See id. Plaintiff states that policies and procedures "are not exempt" but he does not otherwise explain why Defendant's production is inadequate or what else he needs. This request is DENIED.

RFP No. 7 seeks the production all practices, policies, and procedures relevant to Enhanced Outpatient Program (EOP) at CSP-LA. Mot. at 12. In a footnote, Plaintiff also requested "all of Inmate Huynh's Rule Violation Reports be disclosed." Id. at 12 n.1. Defendant objected, arguing that documents regarding the EOP are irrelevant, and that Huynh's RVRs are confidential. See Mot. at 7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Housing of EOP inmates at CSP-LA is relevant to this lawsuit. RFP No. 7 as written, however, is overly broad. The Court thus orders Defendant to produce any written policies or procedures concerning the housing of EOP inmates that was in effect during November 2016, the month of the alleged incident. If no written documents exist, Defendant should say so. The Court agrees, however, that Plaintiff has not shown a need for Huynh's RVRs. Moreover, Defendant included inmate Huynh's case factors, including his RVRs, in his motion for summary judgment. The discovery is burdensome and not proportional to the needs of the case. That portion of RFP No. 7 is DENIED.

RFP No. 11 seeks "access as well as the information the Defendant used in the 'computer system' he alleges he used to assign Plaintiff his cell." Mot. at 18. RFP No. 12 seeks the production of "Print Out Rosters listing each and every bunk and cell" in Housing Units 1-3 on Facility D at CSP-LA for the days of November 20-22, 2016. Id. Defendant correctly notes that this information is set forth in Defendant's motion for summary judgment. See MSJ at 13-16. These requests are DENIED as moot.

RFP No. 13 seeks disciplinary records regarding a fight between Plaintiff and another inmate that took place sometime between 2002 and 2004. See Mot. at 19. Plaintiff does not explain what relevance an incident that predates the allegations in this lawsuit by more than decade could have. This request is DENIED.

In sum, RFP Nos. 4 and 7 are granted in part. Defendant is ordered to produce responsive documents in accordance with this Order within twenty-one (21) days. All other requests are DENIED.

## II.  Motion for Preliminary Injunction (Dkt. 101)

Plaintiff's request for a preliminary injunction for single-cell status and to protect his legal property is denied for the same reasons as his two prior requests were (see Dtks. 4, 80): he has failed to demonstrate a likelihood of success on the merits or irreparable harm. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1989); see also Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (mandatory injunctions are particularly disfavored). If Plaintiff has a good faith belief that CSP-LA staff is interfering with his legal mail, he may file a separate civil rights complaint under 42 U.S.C. § 1983.

## III.  Motion for Disclosure of Plaintiff's Recorded Video Deposition (Dkt. 102)

Plaintiff requests a copy of his recorded video deposition to correct the transcript. See Dkt. 102. For now, that request is DENIED. The Court will order Defendant to lodge the deposition video if it is necessary to resolve the motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

### IV. Briefing Schedule for Motion for Summary Judgment (Dkt. 76)

The Court has ordered Defendant to produce documents to Plaintiff within twenty-one (21) days. Accordingly, Plaintiff is ordered to file an opposition to the merits (i.e., not exhaustion) of Defendant's motion for summary judgment on or before January 6, 2023. Defendant's optional reply is due within fourteen (14) days of when the opposition is filed. The motion will then be taken under submission.