UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR LAL,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,<br><br>　　　　　　　　Defendants. | Case No. 18-02056-SPG (DFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the assigned United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

　　　　In Plaintiff's Motion for Reconsideration (ECF No. 125 ("Reconsideration")), which the Court construes as an objection to the Report and Recommendation, Plaintiff raises two objections. First, Plaintiff argues that the Court failed to appoint counsel as was required, given his insulin-dependent status and mental health issues. Second, Plaintiff argues that Defendant falsely alleged Plaintiff required a single cell. For the following reasons,

Plaintiff's objections to the Report and Recommendation do not warrant a change to the Report's findings or recommendations. The Court addresses Plaintiff's arguments in turn.

Plaintiff first argues that he is entitled to appointment of counsel in this Case because he is "an insulin-dependent diabetic with metal [sic] health conditions[.]" (Reconsideration at 1). As the Ninth Circuit has consistently held, there is no constitutional right to appointed counsel in a civil rights case. *See, e.g., Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court has discretionary authority under 28 U.S.C. § 1915(e) to request in "exceptional circumstances" an attorney to represent a plaintiff who is otherwise unable to afford counsel. *Ming Ching Jin v. Forgia*, 362 F. App'x 649, 650 (9th Cir. 2010). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

Here, the Court finds, although this case raises reasonably complex legal issues, Plaintiff's likelihood of success on the merits is low, and thus that the "exceptional circumstances" requirement is not met. Moreover, Plaintiff has shown that, despite "limited access to the law library and limited knowledge of the law," he has prosecuted his case diligently and competently – citing relevant authorities and filing (usually) timely briefs in this matter – for over two years. (ECF No. 1 at 32).

Looking again at Defendant's Motion for Summary Judgment, the Court agrees with the Report and Recommendation that there are no genuine disputes of material fact to show that Defendant was "deliberately indifferent" to Plaintiff's safety. *Farmer v. Brennan*, 511 U.S., 511 U.S. 825, 832 (1970). Significantly, Plaintiff has not presented evidence to suggest – contrary to both Plaintiff and Huynh's integrated housing designations (SUF ¶¶ 6-7) – that Plaintiff and Huynnh would be incompatible. In fact, Plaintiff testified in his deposition that he did not tell Defendant that he would attack Huynh or that Huynh would attack him if Defendant housed them together. *See* (ECF No. 76-9 at 16) ("I didn't tell

Carranza I'm going to attack him or he's going to attack me. I mean, I don't know this, you know. I don't know this. No one knows this, you know. I couldn't tell him that. But all I told him is that I had problems with this race previously."); *see also,* (*id.* at 17) ("Q: So you had, let's say, three to four documented fights. About how many more are not on the book? A: I don't know. Maybe about three, four. Q: Okay. And what led to those fights? A: Just misunderstandings – I object to the question. Misunderstandings, prison misunderstandings.").

Moreover, although Plaintiff states that Huynh was a gang member, it is undisputed that Defendant had no knowledge that Huynh was a gang member. *See* (ECF No. 76-3 ("Carranza Decl.") at 7) ("He was never a validated or suspected gang member in prison. Based on these factors, I concluded that inmate Huynh and Plaintiff could safely house together, and that there would be no risk to either inmate's safety.").

From the Court's assessment, there are no genuine disputes of material fact to show that Defendant was deliberately indifferent to Plaintiff's safety by housing Plaintiff with Huynh. This is so because both Plaintiff and Huynh had compatible housing code designations; Defendant had no reason to believe that placing the two inmates together was objectively against the safety of either prisoner; and, finally, the subsequent statements by Defendant corroborated that this housing arrangement was acceptable. (SUF ¶ 68) ("During the [post-fight] interview, both inmates stated that the fight was an isolated incident and they did not consider each other enemies, and signed a Compatibility Chrono indicating they could continue to program together on the same facility without further incident.").

Next, the Court addresses Plaintiff's contention that "Respondent falsely alleged that I [Plaintiff] required [a] single cell in order to be housed in one of the 30 totally empty cells that were available in Housing Unit 3." (Reconsideration at 1). As far as the Court can tell, nothing in the Report and Recommendation rests on whether Plaintiff requested a single cell. Because the truth of this contention is immaterial to the outcome of this Report and Recommendation, the Court declines to address this contention.

1    In sum, Petitioner's objections are overruled.

2    IT IS ORDERED that (1) the Report and Recommendation is accepted and adopted; and (2) Judgment shall be entered granting Defendant's Motion for Summary Judgment (ECF No. 76) and dismissing this action with prejudice.

Dated: March 25, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE